UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JANET GULI,

    Plaintiff,

v.

REGIONAL ADJUSTMENT BUREAU, INC.,
JOHN DOE.,

    Defendants.

_____/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff alleges violation Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA"), Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and Florida Consumer Collection Practices Act Fla. Stat. 559.555 et seq. ("FCCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §1331, 1337, 1367 and 15 U.S.C. 1692k and Mims v. Arrow Fin. Servs. LLC, 132 S. Ct. 740 (U.S. 2012).

3. Venue in this District is proper because Plaintiff resides here and Defendant, REGIONAL ADJUSTMENT BUREAU, INC., ("RAB") placed telephone calls into this District.

## PARTIES

4. Plaintiff, Janet Guli ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

5. Defendant, RAB, is a corporation with its principal place of business at 1900 Charles Bryan, Suite 110, Memphis, TN, 38016.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant sought to collect an alleged debt from Plaintiff arising from personal, family or household purposes.

8. Defendant is in the business of collecting consumer debts and is a "debt collector" as defined in the FDCPA. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010).

9. Defendant, John Doe, is a business entity, which is the creditor on whose behalf, RAB, was attempting to collect an alleged debt.

10. Because John Doe is the creditor on whose behalf RAB, placed the calls, it is jointly and severally liable to Plaintiff with respect to the alleged violations of the TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded

message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCC RUL. 07-232").

## FACTUAL ALLEGATIONS

11. Beginning on or around May 9, 2014, Defendant, RAB, acting on behalf or at the request of John Doe, attempted to communicate with Plaintiff on her cellular telephone with pre-recorded messages and/or using an Automatic Telephone Dialing System ("ATDS"):

12. Beginning on or around May 9, 2014, plaintiff answered her cellular telephone and was greeted with music playing for approximately 2-5 seconds or dead air and then transferred to a live employee, collectively known as ("telephone calls").

13. Beginning on or around May 9, 2014 an employee of Defendant contacted with Plaintiff in an effort to obtain contact information (location information) pertaining to a debtor unknown to the plaintiff.

14. Plaintiff instructed Defendant to stop calling – Defendant's phone calls were directed to the wrong party.

15. Defendant, RAB, placed additional telephone calls after being told to stop calling.

16. Section 559.553 of the Florida Consumer Collection Practices Act ("FCCPA") requires all debt collectors to first register with the Florida Office of Financial Regulation before attempting to collect a debt. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010).

17. Defendant was attempting to collect a debt from Plaintiff and was required to register with the Florida Office of Financial Regulation before commencing any action against Plaintiff to collect the debt.

18. At the time the alleged debt was assigned to Defendant, RAB was not registered with the Florida Office of Financial Regulation as a consumer collection agency.

19. Because RAB was not registered with the Florida Office of Financial Regulation as a consumer collection agency, the purported debt was unlawful to collect.

20. On July 14, 2014, in the U.S.D.C.-Western District of Tennessee, Defendant entered into a Stipulated Order for Permanent Injunction and Civil Penalty with the Federal Trade Commission that mirror aforementioned paragraphs.  (See Ex. A).

21. None of Defendants telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

22. Defendants willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TCPA REGARDING RAB AND JOHN DOE

23. Plaintiff incorporates Paragraphs 1 through 22.

24. Defendant RAB, or others acting at its request, on behalf of John Doe, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, RAB, and DOE for:

    a. Damages;

    b. a declaration that Defendants calls violate the TCPA;

    c. a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d. Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF THE FDCPA 15 U.S.C.§1692 et. seq.

25. Plaintiff incorporates Paragraphs 1 through 22.

26. The Defendant, RAB conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

27. The Defendant, RAB, conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass. See <u>Dunning v. Portfolio Recovery Associates</u>, LLC, 903 F.Supp.2d 1362 (S.D.Fla.2012).

28. The Defendant, RAB, conduct violated 15 U.S.C. § 1692(e)(2)(a) in that Defendant attempted to collect from Plaintiff on a debt which she did not owe.

29. The Defendant, RAB, conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, RAB for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE FCCPA

30. Plaintiff incorporates Paragraphs 1 through 22.

31. In collecting consumer debts, no person shall… willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

32. Defendant's persistent and unlawful calling campaign was carried out with the intent to abuse and harass the Plaintiff.

33. Pursuant to Florida law, Plaintiff may obtain declaration that Defendant's practices are in violation of the FCCPA, including but not limited to Fla. Stat. §§ 559.72(7), §§559.72(9).

34. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

35. Plaintiff seeks a permanent injunction prohibiting Defendant and any other party from calling Plaintiff regarding the alleged debt.

36. Plaintiff is also entitled to recover statutory damages and/or actual damages pursuant to the FCCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, RAB, for:

a. Damages, both statutory and actual;

b. Declaring that Defendant's practices are in violation of the FCCPA;

c. Permanently enjoining Defendant and any other parties from calling Plaintiff regarding the alleged debt;

d. Attorney's fees, litigation expenses and costs of suit; and

e. Such other or further relief as the Court deems proper.

## COUNT IV
## FAILURE TO OBTAIN A DEBT COLLECTION LICENSE AS MANDATED BY FLA. STAT. §§559.555 AND IN VIOLATION OF 15 U.S.C. 1692 et seq.

37. Plaintiff incorporates paragraphs 1-22

38. Defendant regularly engages in the practice of consumer debt collection in Florida. Defendant attempts to collect debts owned to others in Florida.

39. The Florida legislature's determination that a debt collector's failure to register under FLA. STAT. § 559.555 and subsequent pursuit of unauthorized debt collection activity is a misdemeanor criminal act demonstrates the seriousness with which the State of Florida intends to address violations of the FCCPA.

40. Defendant, RAB's, failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated various provisions of the Fair Debt Collection Practices Act, including the following: 15 U.S.C § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10). *See generally*, *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("We therefore hold that a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take.").

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, RAB, and DOE for:

a. Damages;

b. Attorney's feels, litigation expenses and costs of the instant suit;

c. a permanent injunction prohibiting Defendants from engaging in consumer collection activity within the State of Florida without the requisite licensure; and

d. Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

>Lawrence D. Felder, P.A.
>1840 SE 1St Ave
>Ft. Lauderdale, FL 33316
>Telephone: 954-524-8808
>lawrencefelder@outlook.com
>
>
>By: s/ Lawrence D. Felder
>Lawrence D. Felder, Esq.
>Florida Bar No. 204498